**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

SEPT. 17, 2010

U.S. BANKRUPTCY COURT
NEWARK, N.J.


BY: s/ Ronnie Plasner, DEPUTY
```

September 17, 2010

**LETTER OPINION
ORIGINAL FILED WITH THE CLERK OF THE COURT**

Tomas Espinosa, Esq.
4005 Bergenline Avenue, 2nd Floor,
Apartment 1
Union City, New Jersey 07087
*Counsel for Debtor-Defendants*

Sellar Richardson, P.C.
Denise M. Luckenbach, Esq.
293 Eisenhower Parkway, Suite 170
Livingston, New Jersey 07039
*Counsel for Plaintiff*

Re: **Western Surety Company v. Sandoval
Adversary Proceeding No.:   09-02241 (DHS)
Western Surety Company v. Oscar Sandoval, M.D. PC
Adversary Proceeding No.:   09-02266 (DHS)
Western Surety Company v. Hudson County Psychiatric Associates, PC
Adversary Proceeding No.:   09-02267 (DHS)**

Dear Counsel:

    Before the Court are motions to dismiss three (3) procedurally consolidated adversary proceedings by the same Plaintiff against three (3) related Debtors. The case has a rather tortured history stemming from misconduct by former Hudson County Executive Robert

Janiszewski ("Janiszewski"). Janiszewski was indicted and convicted of awarding and renewing county contracts in exchange for bribes. The Plaintiff in the instant adversary proceedings, Western Surety Company ("Western"), issued performance bonds with respect to Janiszewski during a period when the misconduct occurred.

As a result of Janiszewski's resignation, the County of Hudson ("County") and several other government entities commenced civil litigation in the United States District Court for the District of New Jersey against Janiszewski and several other individuals or entities who were alleged to have engaged in or benefitted from Janiszewski's schemes. Among these defendants was Oscar Sandoval, M.D. who is a defendant in the instant adversary proceedings and who was accused of obtaining lucrative contracts to provide mental healthcare to county jails in exchange for bribes. The District Court plaintiffs also joined Western, seeking a declaratory judgment with respect to its liability on the performance bond.

The District Court ultimately granted motions to dismiss as to all of the defendants except Western on the grounds that the claims under the federal and New Jersey RICO statutes were time barred. The court also granted Western's motion to limit its damages based on defenses to the RICO claims available to Janiszewski because of his cooperation with federal authorities. Thereafter, Western settled with the County of Hudson in the federal action and, since no federal claims remained and there was a lack of diversity jurisdiction, the remaining claims were dismissed without prejudice.

Western then commenced an action in the Superior Court of New Jersey, Hudson County, against several individuals or entities, including Sandoval. On May 13, 2009, after Sandoval filed for bankruptcy, the state court entered an order dismissing the claims against the Debtors without prejudice so that the case could continue to be administered without violating the automatic stay. The order provided that to restore the pending case to the active calendar, either party could move before the bankruptcy court for stay relief within thirty (30) days and that "failure . . . to follow the procedure outlined above shall be considered as a waiver of all rights to proceed under this caption and the matter will not be thereafter restored." The order provided that additionally, either party could move to vacate the order within 60 days after conclusion of the bankruptcy proceedings, otherwise the right to proceed under that caption would be waived.

Instead of moving for stay relief to continue the litigation in state court, Western filed the instant complaints in this Court on August 14, 2009. The three identical complaints each assert three (3) counts against Oscar E. Sandoval; Oscar Sandoval, M.D., P.C.; and Hudson County Psychiatric Associates, P.C. (collectively "Defendants"), based on Western's "subrogation and common law indemnity and disgorgement rights for the damages sustained by Western Surety Company as a result of illegal, fraudulent, willful, and malicious actions of Sandoval." In addition to fixing liability on these claims, the complaints seek to have them declared non-dischargeable under § 523(a)(2)(A), (a)(4), and (a)(6). Sandoval has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaints asserting various defenses, specifically: (1) waiver, based on non-compliance with the order of dismissal in the state court; (2) estoppel and res judicata based on the waiver; (3) statute of limitations; (4) the entire controversy

Page 3
September 17, 2010

doctrine; (5) the doctrine of make whole; and (6) failure to plead fraud with specificity. Sandoval also invites the Court to treat its motion as one for summary judgment and asserts allegations of automatic stay violations and requests for sanctions.

In its response, Western argues that (1) its common-law indemnity claim is not time barred since the right to indemnity does not arise until payment is made; (2) its claims are not barred by the entire controversy doctrine; (3) its complaint is specific as to fraud; and (4) its "eight count complaint seeks reimbursement of the settlement paid to the County of Hudson under common law indemnification, unjust enrichment, breach of good faith and fair dealing, conversion, breach of fiduciary duty and aiding the commission of a tort." (Creditor/Plf's. Brf. in Opp'n to Debtor/Def's. Mot. to Dismiss the Adversary Proceedings ("Plf's. Brf.") 7.) With regard to the last contention, the Court notes that the complaints filed in these adversary proceedings have three counts and aside from the portion seeking nondischargeability under § 523, the only theories of recovery asserted are "subrogation and common law indemnity and disgorgement rights for the damages sustained by Western Surety Company." (Compl. ¶10.) Because the only motions before the Court are those to dismiss the instant adversary complaints, the Court must constrain its inquiry to those facts and causes of action pleaded in the three-count complaints. Consequently, the Court will not consider alternative theories of recovery, which are initially asserted in the moving papers. For the reasons that follow, the Court holds that Western has failed to demonstrate a right to payment under any of these theories of recovery. Consequently, there is no underlying debt to declare nondischargeable and the Complaint is therefore dismissed.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (J). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

### I. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, governs motions to dismiss for failure to state a claim. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6). A complaint "'does not need detailed factual allegations'" to survive a 12(b)(6) motion; Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002)).

Page 4
September 17, 2010

However, a plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 550 U.S. at 555; *Phillips*, 515 F.3d at 231. Thus, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombley*, 550 U.S. at 555 n.3; *Phillips*, 515 F.3d at 231. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (explicitly rejecting the passage in *Conley* that 12(b)(6) dismissal is appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46; *Phillips*, 515 F.3d at 233). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombley*, 550 U.S. at 556).

   A.   **Subrogation**

Subrogation is the first of three theories pleaded by Western in Count I of its complaint. "Subrogation is a device of equity to compel the ultimate discharge of an obligation by the one who in good conscience ought to pay it." *Standard Accident Ins. Co. v. Pellecchia*, 15 N.J. 162, 171 104 A.2d 288, 292 (N.J. 1954) (citing *Camden Trust Co. v. Cramer*, 136 N.J. Eq. 261, 264 (N.J. 1944)). "It is a right of ancient origin, having been imported from the civil law to serve the interests of essential justice between the parties. *Id.* (citing *Sullivan v. Naiman*, 130 N.J.L. 278, 280 (N.J. 1943)). "It is most often brought into play when an insurer who has indemnified an insured for damage or loss is subrogated to any rights that the insured may have against a third party who is also liable for the damage or loss." *Id.* "The right does not arise out of contract but rather exists without the consent of the insured, although of course the parties may by agreement waive or limit the right." *Id.* at 172, 104 A.2d at 172 (citing *Philadelphia v. Schellenger*, 84 N.J. Eq. 464, 465 (N.J. 1915); *Ganger v. Moffet*, 8 N.J. 73, 80 (N.J. 1951); *Fire Assoc. of Philadelphia v. Schellenger*, 84 N.J. Eq. 464, 466 (N.J. 1915)). "The subrogee in effect steps into the shoes of the insured and can recover only if the insured likewise could have recovered." *Id.* (citations omitted). "No right of subrogation exists, of course, until the claim has been paid." *Montefusco Excavating & Contractor Co. v. County of Middlesex*, 82 N.J. 519, 528 (N.J. 1980) (citing *Union Stone Co. v. Hudson Cnty. Freeholder Bd.*, 71 N.J. Eq. 657, 670 (N.J. 1906). Consequently, subrogation rights only inure to the surety for debts it has actually paid, and the surety may only proceed against those parties whom the payee could have proceeded against for those debts. *Id.* at 525 (noting that in the construction context, "[w]hen a contractor's surety has paid the contractor's indebtedness to the laborer or materialman, the surety may pursue the remedies of the laborer or materialman by proceeding against the funds paid to the contractor").

In the present case, the only funds paid by Western were to Hudson County in satisfaction of the performance bonds issued for Janiszewski. Western has failed to plead any facts that demonstrate any of the funds paid to Hudson County were in satisfaction of debts the

Page 5
September 17, 2010

County could have recovered from the Defendants. Western failed to cite a single case in its opposition to these motions supporting application of a subrogation cause of action to the factual allegations pleaded in its complaint. The Court's research has, likewise, yielded no case law that supports application of a subrogation cause of action against the Defendants based on the allegations in Western's complaint. Consequently, Count I of Western's complaints are dismissed for failure to state a claim.

### B.    Common-Law Indemnity

The next theory of recovery that Western asserts against the Defendants is for common-law indemnity. Common-law indemnity is "an equitable doctrine that allows a court to shift the cost from one tortfeasor to another . . . . [It] arises 'without agreement, and by operation of law to prevent a result which is regarded as unjust or unsatisfactory." *Harley Davidson Motor Co. v. Advance Die Casting, Inc.*, 150 N.J. 489, 497, 696 A.2d 666, 670-71 (N.J. 1997) (citations omitted). "Generally, common law indemnification shifts the cost of liability from one who is constructively or vicariously liable to the tortfeasor who is primarily liable." *Id.* at 497-498, 696 A.2d at 671. Courts apply common-law indemnity in a variety of contexts. In the product-liability context, common-law indemnity may shift "risk up the distribution chain to, in most cases, the actual manufacturer of the offending product, [which] fulfills the basic goal of distributing the risk to the party best able to bear it." *Id.* at 498, 696 A.2d at 671. Common-law indemnity has also been applied against employers of tortfeasors, but "only when a special legal relationship exists between the employer and the third party, and the liability of the third party is vicarious." *Ramos v. Browning Ferris Industries, Inc.*, 103 N.J. 177, 188-89, 510 A.2d 1152, 1158 (N.J. 1986).

> Examples of the special relationship that will support a third party's claim for indemnification include that of principal and agent, *Hagen v. Koerner*, 64 N.J. Super. 580, 586-87 (App.Div. 1960); bailor and bailee, 2A Larson, *supra*, § 76.51; and lessor and lessee, *Ruvolo v. United States Steel Co., supra*, 139 N.J. Super. at 584. *Cf. Cartel Capital Corp. v. Fireco of N.J.*, 81 N.J. 548, 565 (1980) (finding a valid claim for implied indemnity for retailer against manufacturer because of a design defect).

*Id.* 103 N.J. at 189, 510 A.2d at 1158 (citations omitted).

Case law clearly requires that there be a special relationship between the parties or that the party seeking indemnification must be "[a] person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, [and] is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." *Adler's Quality Bakery, Inc. v. Gasateria, Inc.*, 32 N.J. 55, 80, 159 A.2d 97, (N.J. 1960) (citing Restatement of Restitution § 96 (1937)); *Ramos*, 103 N.J. at 189, 510 A.2d at 1158.

Page 6
September 17, 2010

In the case at bar, by its own admission, Western's liability to Hudson did not arise in tort, but instead, from its contractual liability as a surety. (Western's Opp'n 3, ¶13 ("[T]he surety admits that it was not a tortfeasor and that the payments made to the County of Hudson were a settlement of the claims under the bond agreements.").) Furthermore, there are no facts pleaded giving rise to the type of special relationship that might otherwise support an indemnification theory. Once again, Western has cited no case law that supports an exception to these prerequisites to application of the doctrine of common-law indemnity. Furthermore, the Court's research reveals no New Jersey cases that support application of common-law indemnity to the factual allegations in the complaints. Consequently, Count I of Western's complaints are dismissed for failure to state a claim to the extent it seeks recovery from the Defendants under a theory of common-law indemnity.

### C.     Disgorgement

The final substantive theory of recovery common to all three counts of the complaints is disgorgement for unjust enrichment. In support of this theory, Western cites *County of Essex v. First Union Nat'l Bank*, 186 N.J. 46 (2006).

In *First Union*, a county employee and bank engaged in a kickback scheme, which resulted in the bank being chosen as underwriter for three municipal bond issues. *Id.* at 49, 891 A.2d at 601. After the scheme was uncovered, the county commenced civil litigation against the former employees and the bank for disgorgement. *Id.* at 50, 891 A.2d at 602. After a jury trial, judgment was entered against the bank for disgorgement of fees obtained through the bond-issue transactions. *Id.* at 52, 891 A.2d at 603. The County appealed and the bank cross-appealed, arguing that disgorgement cannot be awarded as a remedy where the fees were awarded pursuant to a valid contract. *Id.* at 54, 891 A.2d at 604. The Appellate Division upheld the award of disgorgement damages, despite the contract, reasoning that "when there is corruption on the public, unjust enrichment acts to deny the wrongdoer any profit from the transaction and to deter such conduct." *Id.* at 53, 891 A.2d 604. The Supreme Court of New Jersey affirmed stating that

> [s]trong remedies are necessary to combat unlawful conduct involving public officials. Disgorgement in favor of the public entity serves as a harsh remedy against those who bribe a public official to secure a public contract and provides a deterrent to such unlawful activity. We hold that when a public contract is obtained by bribing a public official, the public entity is entitled to the gross profits obtained by the wrongdoer.

*Id.* at 58, 891 A.2d 607.

Page 7
September 17, 2010

The facts pleaded by Western support a cause of action against the Defendants for disgorgement of any profits earned from contracts with the County that were obtained through bribes; however, this cause of action is vested exclusively in the County. Western has not pleaded a contractual assignment of this cause of action from the County, nor has it provided authority that supports maintenance of this cause of action by a party other than the public entity. Consequently, Western has failed to adequately state a claim to disgorgement from the Defendants and Counts I, II, and III must be dismissed to the extent they seek disgorgement of profits.

## CONCLUSION

For the reasons stated herein, the Defendants' motions to dismiss the complaints for failure to state a claim pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6) are granted. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

s/  *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure